

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2004

# Buck v. Colleran

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1189

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Buck v. Colleran" (2004). *2004 Decisions.* Paper 325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1189

RICHARD BUCK,
                                            Appellant
                    v.

RAYMOND COLLERAN;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-05308)
District Judge:  Honorable John P. Fullam

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 21, 2004
Before:  McKEE, ROSENN, and WEIS, Circuit Judges.

(Filed: September 27, 2004)

_____

OPINION

_____

WEIS, Circuit Judge.

          After a bench trial in the Court of Common Pleas of Philadelphia County,

Pennsylvania, petitioner was convicted of third-degree murder and other crimes.  He was

sentenced to a term of 10-20 years incarceration.

After entry of judgment, the Common Pleas judge directed petitioner to file a statement of matters complained of on appeal. See Pa. R. App. P. 1925(b). On February 11, 1999, and within the fourteen (14) days specified, the petitioner filed a "preliminary statement." He asserted that a transcript of the testimony had not yet been received and, therefore, he could not identify in detail what would be raised on appeal other than that there would be a claim that the verdict was against the weight of the evidence. Petitioner failed to file a final statement complying with Rule 1925(b).

On January 3, 2000, approximately one year later, the state trial judge filed an opinion concluding that the evidence was more than sufficient to establish the petitioner's guilt. After summarizing the testimony of the various witnesses to the crime, the judge wrote, "[t]he one version of the evening events which the court did not hear was the defendant's, who in an unsigned statement, claimed to have no recollection of the incident."

On appeal to the Pennsylvania Superior Court, petitioner contended that the trial judge had improperly relied on the petitioner's failure to testify as evidence of guilt and as a basis for rejecting his self-defense claim. In addition, petitioner asserted that the verdict was against the weight of the evidence.

The Pennsylvania Superior Court affirmed, holding that because of his failure to comply with Rule 1925(b), petitioner had waived his claims of self-defense and

2

improper reliance on the failure to testify. The court added that even if it were to address those issues, it would not deem them worthy of relief. According to the Superior Court, "[w]hen read in context, the [challenged portion of the Common Pleas Court] opinion demonstrates that the court complied with applicable law." The Superior Court also rejected the claim that the verdict was against the weight of the evidence. The Pennsylvania Supreme Court denied *allocatur*.

The petitioner filed a timely petition for habeas corpus relief under 28 U.S.C. § 2254. The District Court denied it on the merits.[1]

Our review of the record persuades us that the Pennsylvania Superior Court was justified in its holding that the two claims petitioner raised were waived. Petitioner strenuously argues on appeal that he did not waive the two issues raised on this appeal because he could not have complied with Pennsylvania Rule of Appellate Procedures 1925(b) and identify the issues prior to briefing on appeal since the trial judge did not write his opinion, including his findings of fact, until January 3, 2000. Mistakenly, a clerk stamped the opinion as filed January 3, 1999. The docket correctly reflects the actual filing on January 3, 2000.

However, the petitioner also is not without fault. Pennsylvania Rule 1925(b) expressly requires that all issues on appeal be identified. Petitioner did not identify his

---

[1] The District Court's concern about the waiver holding was influenced somewhat by its misunderstanding that the Common Pleas opinion was filed in January 1999, when in fact, the correct date was January 2000.

3

Fifth Amendment claims in his preliminary Rule 1925(b) statements, nor did he request an extension of time because of the delay of the trial judge in filing his opinion. Moreover, he did not file a motion to supplement the preliminary 1925(b) statements and identify the Fifth Amendment issues to be argued after the trial judge filed his opinion. Accordingly, we see no error in the Pennsylvania Superior Court judgment that petitioner's two Fifth Amendment issues were waived.

Federal courts apply the "cause and prejudice" test to a state procedural default. See Murray v. Carrier, 477 U.S. 478 (1986). We conclude, therefore, that the petitioner's failure to demonstrate both a cause for the procedural default and resulting prejudice forecloses the requested relief. We also agree that, on the merits, the petitioner's claim fails.

Accordingly, the judgment of the District Court will be affirmed.